1  ROBERT T. SULLWOLD (SBN 88139)
   JAMES A. HUGHES (SBN 88380)
2  SULLWOLD & HUGHES                        *E-FILED 4/6/06*
   235 Montgomery Street, Suite 730
3  San Francisco, CA  94104
   (415) 263-1850
4  (415) 989-9798 FAX

5  Attorneys for Defendants and Counterclaimants I-DOCSECURE, LLC,
   E-NETSECURE SERVICES, INC., ISMART SECURE LLC,
6  JOSEPH BAGGIO and Defendants INTEGRITY DATA
   APPLICATIONS CONSULTING, LLC, and JONATHAN BALZORA
7
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
8  JOSEPH KOURI (Bar No. 133804)
   801 So. Figueroa Street, 18th Floor
9  Los Angeles, California 90017-5556
   Telephone:  (213) 426-6900
10 Facsimile:  (213) 426-6921

11 MARC A. KOONIN (Bar No. 166210)
   One Market Plaza
12 Steuart Tower, 8th Floor
   San Francisco, CA  94105
13 Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
14
   Attorneys for Plaintiff and Counterdefendant
15 iSMART INTERNATIONAL LIMITED and
   Counterdefendant RAJ DHESIKAN
16
                  UNITED STATES DISTRICT COURT
17
                NORTHERN DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| 19 ISMART INTERNATIONAL LIMITED, an India Corporation, | |
| 20    Plaintiff, | Case No.: C 04-03114 RMW |
| 21 vs. | AMENDED STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| 22 I-DOCSECURE, LLC, a California Limited Liability Company; E-NETSECURE SERVICES, INC., a | |
| 23 California Corporation; INTEGRITY DATA APPLICATIONS CONSULTING, LLC, a California | |
| 24 Limited Liability Company; JOSEPH BAGGIO, an individual; and JONATHAN BALZORA, an | |
| 25 individual, | |
| 26    Defendants. | |
| 27 | |
| AND RELATED COUNTERCLAIM 28 | |

                                1

1    This Court originally entered a Stipulation and Protective Order Regarding Production of

2   Documents on May 26, 2005 ("the Initial Order"), which did not include a provision for the protection

3   of software and related technical manuals produced in discovery.  Consistent with that Initial Order, the

4   Parties continue to agree that Source Code Materials (defined to include source code listings and

5   descriptions of the operation of the source code, object code listings and descriptions of the operation of

6   the object code, and non-public technical information, including technical reference manuals, operations

7   manuals, other explanations of the operation of the technology at issue, and the like) need not be

8   disclosed under F.R.Civ.P. 26(a)(l) and that such nondisclosure shall not constitute a failure to disclose

9   information pursuant to F.R.Civ.P. 26(a)(1) nor shall such nondisclosure under Rule 26(a)(1) give rise to

10   the imposition of sanctions of any type, including but not limited to sanctions under F.R.Civ.P. 26 and

11   F.R.Civ.P. 37.

12    To facilitate the production of Source Code Materials and other Confidential Information and

13   Highly Confidential-Attorneys' Eyes Only Information through the discovery process, Plaintiff and

14   Counterdefendant iSmart International, Limited and Counterdefendant Raj Dhesikan, by and through

15   their attorneys, Sedgwick, Detert, Moran & Arnold LLP, and Defendants and Counterclaimants I-

16   DocSecure, LLC, E-NetSecure Services, Inc., iSmart Secure LLC, Joseph Baggio, and Defendants

17   Integrity Data Applications Consulting, LLC and Jonathan Balzora, by and through their attorneys,

18   Sullwold & Hughes, (collectively the "parties"), enter into the following Amended Stipulation and

19   Protective Order ("Amended Order") regarding the production and exchange of documents in this

20   litigation, to include software and related technical manuals, as follows:

21    1.    PURPOSES AND LIMITATIONS

22    Disclosure and discovery activity in this action have previously involved and in the future are

23   likely to involve production of confidential, proprietary, or private information for which special

24   protection from public disclosure and from use for any purpose other than prosecuting this litigation

25   would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

26   following Amended Order.  The parties acknowledge that this Amended Order does not confer blanket

27   protections on all disclosures or responses to discovery and that the protection it affords extends only to

28   the limited information or items that are entitled under the applicable legal principles to treatment as

2

1   confidential   The parties further acknowledge, as set forth in Section 10, below, that this Amended

2   Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth

3   the procedures that must be followed and reflects the standards that will be applied when a party seeks

4   permission from the court to file material under seal.

5       2.    DEFINITIONS

6           2.1    Party:  any party to this action, including all of its officers, directors, employees,

7   consultants, retained experts, and outside counsel (and their support staff).

8           2.2    Disclosure or Discovery Material:  all items or information, regardless of the

9   medium or manner generated, stored, or maintained (including, among other things, testimony,

10  transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in

11  this matter.

12          2.3    "Confidential" Information or Items:  information (regardless of how generated,

13  stored or maintained) or tangible things that qualify for protection under standards developed under

14  F.R.Civ.P. 26(c).

15          2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items:  extremely

16  sensitive "Confidential Information or Items" whose disclosure to another Party or non- party would

17  create a substantial risk of serious injury that could not be avoided by less restrictive means.

18          2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

19  Producing Party.

20          2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

21  Material in this action.

22          2.7.    Designating Party:  a Party or non-party that designates information or items that

23  it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

24  Attorneys' Eyes Only."

25          2.8    Protected Material:  any Disclosure or Discovery Material that is designated as

26  "Confidential" or as 'Highly Confidential - Attorneys' Eyes Only."

27          2.9.    Outside Counsel:  attorneys who are not employees of a Party but who are

28  retained to represent or advise a Party in this action.

3

2.10   <u>House Counsel</u>:  attorneys who are employees or officers of a Party or a Party Affiliate and who have an attorney-client relationship with a Party.

2.11   <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party, or a competitor of a Party, or an Affiliate of a Party, and who is not at the time of retention anticipated to become an employee of a Party or a competitor of a Party.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14   <u>Affiliate</u>:  an entity (a) with any officers or executives in common with a Party; or (b) with an owner or owners (including minority ownership interests) in common with a Party; or (c) that owns any interest in a Party; or (d) is a member of a common business group with a Party.

3.   <u>SCOPE</u>

The protections conferred by this Amended Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit

4

1   any such designation to specific material that qualifies under the appropriate standards.  A Designating

2   Party must take care to designate for protection only those parts of material, documents, items, or oral or

3   written communications that qualify - so that other portions of the material, documents, items, or

4   communications for which protection is not warranted are not swept unjustifiably within the ambit of

5   this Order.

6        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to

7   be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber

8   or retard the case development process, or to impose unnecessary expenses and burdens on other

9   parties), expose the Designating Party to sanctions.

10        If it comes to a Party's or a non-party's attention that information or items that it designated for

11   protection do not qualify for protection at all, or do not qualify for the level of protection initially

12   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

13   mistaken designation.

14        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

15   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

16   qualifies for protection under this Order must be clearly so designated before the material is disclosed or

17   produced.

18        Designation in conformity with this Order requires:

19        (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

20   or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

21   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected

22   material.  If the Producing Party only intends to designate a portion or portions of the material on a page

23   as Protected Material, then the Producing Party must clearly identify the protected portion(s) (e.g., by

24   making appropriate markings (such as brackets and underlining) and comments in the margins) and must

25   specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

27        A Party or non-party that makes original documents or materials available for inspection need

28   not designate them for protection until after the inspecting Party has indicated which material it would

5

1  like copied and produced.  During the inspection and before the designation, all of the material made

2  available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3  After the inspecting Party has identified the documents it wants copied and produced, the Producing

4  Party must determine which documents, or portions thereof, qualify for protection under this Order,

5  then, before producing the specified documents, the Producing Party must affix the appropriate legend

6  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page

7  that contains Protected Material.  If the Producing Party only intends to designate a portion or portions

8  of the material on a page as Protected Material, then the Producing Party must clearly identify the

9  protected portion(s) (e.g., by making appropriate markings (such as brackets and underlining) and

10  comments in the margins) and must specify, for each portion, the level of protection being asserted

11  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

12              (b)      for testimony given in deposition or in other pretrial or trial proceedings,

13  that the Party or non-party offering or sponsoring the testimony identify on the record, before the close

14  of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions

15  of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  When it

16  is impractical to identify separately each portion of testimony that is entitled to protection, and when it

17  appears that substantial portions of the testimony may qualify for protection, the Party or non-party that

18  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

19  concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which

20  protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

21  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony

22  that are appropriately designated for protection within the 20 days shall be covered by the provisions of

23  this Amended Order.

24        Transcript pages containing Protected Material must be separately bound by the court reporter,

25  who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

26  ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

27  witness or presenting the testimony.

28

1          (c)    <u>for information produced in some form other than documentary, and for</u>

2 <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the

3 container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

4 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If the Producing Party only intends to

5 designate a portion or portions of the information or item as Protected Material, then the Producing

6 Party, to the extent practicable, must clearly identify the protected portions, specifying whether they

7 qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

8      5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate

9 qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does

10 not, standing alone, waive the Designating Party's right to secure protection under this Order for such

11 material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys'

12 Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the

13 designation, must make reasonable efforts to assure that the material is treated in accordance with the

14 provisions of this Order.

15     6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

16      6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

17 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

19 right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

20 original designation is disclosed.

21      6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

22 Party's confidentiality designation must do so in good faith and must begin the process by conferring

23 directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for

24 the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the

25 confidentiality designation was not proper and must give the Designating Party an opportunity to review

26 the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

27 explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the

28 challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party in a reasonably appropriate manner designed to maintain the Protected Material's confidentiality.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees and contractors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Addendum A;

(b)     the officers, directors, employees, agents, contractors, House Counsel, and

8

1   former officers, directors, employees, agents, contractors, of the Receiving Party to whom disclosure is

2   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

3   Order" (Addendum A);

4       (c)    Parties or former Parties to this action (including, for corporate Parties,

5   their officers, directors, employees, agents, contractors, House Counsel, and former officers, directors,

6   employees, agents, contractors), to whom disclosure is reasonably necessary for this litigation and who

7   have signed the "Agreement to Be Bound by Protective Order" (Addendum A);

8       (d)    experts (as defined in this Order) of the Receiving Party to whom

9   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

10  by Protective Order" (Addendum A);

11      (e)    the Court and its personnel;

12      (f)    court reporters, their staffs, and professional vendors to whom disclosure

13  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14  Protective Order" (Addendum A);

15      (g)    during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17  (Addendum A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

18  Protected Material must be separately bound by the court reporter and may not be disclosed to anyone

19  except as permitted under this Amended Order;

20      (h)    the author of the document or the original source of the information;

21      (i)    Mediators or other Alternative Dispute Resolution neutrals (including their

22  employees, agents, and contractors), to whom disclosure is reasonably necessary for this litigation and

23  who have signed the "Agreement to Be Bound by Protective Order" (Addendum A), provided that,

24  pursuant to the provisions of this Amended Order, the mediator or other neutral, absent a court order or

25  written agreement of the parties to the contrary, must agree to and must return all Protected Material to

26  the parties within 30 days of concluding any mediation (or other Alternative Dispute Resolution

27  process), or, if mediation is not completed, no later than 90 days following receipt of the Protected

28  Material.

1         (j)     Such other persons that both parties agree, in writing, shall be given

2   permission to view Confidential material and who have signed the "Agreement to Be Bound by

3   Protective Order" (Addendum A).

4         7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

5   Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating

6   Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL

7   - ATTORNEYS' EYES ONLY" only to:

8         (a)     the Receiving Party's Outside Counsel of record in this action, as well as

9   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

10  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

11  as Addendum A;

12        (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

13  necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order"

14  (Addendum A);

15        (c)     the Court and its personnel;

16        (d)     court reporters, their staffs, and professional vendors to whom disclosure

17  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

18  Protective Order" (Addendum A);

19        (e)     the author of the document or the original source of the information;

20        (f)     Mediators or other Alternative Dispute Resolution neutrals (including their

21  employees, agents, and contractors), to whom disclosure is reasonably necessary for this litigation and

22  who have signed the "Agreement to Be Bound by Protective Order" (Addendum A), provided that,

23  pursuant to the provisions of this Amended Order, the mediator or other neutral, absent a court order or

24  written agreement of the parties to the contrary, must agree to and must return all Protected Material to

25  the parties within 30 days of concluding any mediation (or other Alternative Dispute Resolution

26  process), or, if mediation is not completed, no later than 90 days following receipt of the Protected

27  Material.

28

1    (g)    Such other persons that both parties agree, in writing, shall be given

2    permission to view Confidential material and who have signed the "Agreement to Be Bound by

3    Protective Order" (Addendum A).

4    7.4    Where this Amended Order conditions receipt of Protected Material by a person

5    on execution of a copy of Addendum A, a Receiving Party that discloses Protected Material shall be

6    responsible for obtaining an executed copy of Addendum A from the person to whom disclosure is made

7    and shall maintain all such Addenda.  After final disposition of this action, a Designating Party that

8    reasonably believes that Protected Material was improperly disclosed by a Receiving Party may apply to

9    the Court for an order that copies of all such Addenda be produced from the Receiving Party.  Any such

10   motion shall be supported by evidence establishing the requesting Party's belief to be reasonable and not

11   designed to harass the Receiving Party or for any other improper purpose.

12   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

13   <u>LITIGATION</u>.

14   If a Receiving Party is served with a subpoena or an order issued in other litigation that would

15   compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

17   Designating Party, in writing (by fax, if possible) immediately and in no event more than three court

18   days after receiving the subpoena or order. Such notification must include a copy of the subpoena or

19   court order.

20   The Receiving Party also must immediately inform in writing the Party who caused the subpoena

21   or order to issue in the other litigation that some or all the material covered by the subpoena or order is

22   the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this

23   Amended Order promptly to the Party in the other action that caused the subpoena or order to issue.

24   The purpose of imposing these duties is to alert the interested parties to the existence of this

25   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

26   confidentiality interests in the court from which the subpoena or order issued. The Designating Party

27   shall bear the burdens and the expenses of seeking protection in that court of its confidential material -

28   and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

1    this action to disobey a lawful directive from another court.

2          9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

3          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

4    to any person or in any circumstance not authorized under this Amended Order, the Receiving Party

5    must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

6    best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

7    unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

8    persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

9    Addendum A.

10         10.   FILING PROTECTED MATERIAL. Without written permission from the Designating

11   Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

12   the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

13   Material must comply with Civil Local Rule 79-5.

14         11.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

15   Party, within sixty days after the final termination of this action (including any final appellate

16   disposition), each Receiving Party must return all Protected Material to the Producing Party. As used in

17   this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any

18   other form of reproducing or capturing any of the Protected Material. With permission in writing from

19   the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of

20   returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit

21   a written certification to the Producing Party (and, if not the same person or entity, to the Designating

22   Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

23   Material that was returned or destroyed and that affirms that the Receiving Party has not retained any

24   copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

25   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

26   pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even

27   if such materials contain Protected Material. Any such archival copies that contain or constitute

28   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION),

12

1  above.

2      12.    <u>EFFECT OF PREVIOUS STIPULATION AND PROTECTIVE ORDER REGARDING</u>

3  <u>PRODUCTION OF DOCUMENTS</u>

4      Protected Material produced pursuant to the Initial Order signed by this Court on May 26,

5  2005, shall retain the protection afforded at the time of production.  Protected Material produced from

6  and after the date of execution of this Amended Order by the parties shall be protected pursuant to the

7  terms of the Amended Order; this includes Protected Material originally produced pursuant to the Initial

8  Order to the extent that persons who have not previously had access to it are provided with access to it in

9  the future.  Persons to whom disclosures of Protected Material have previously been made by Receiving

10  Parties under the Initial Order, and who have previously executed Addendum A of the Initial Order,

11  need not execute a new Addendum A to have access to Protected Material designated as

12  "CONFIDENTIAL" under the Initial Order.  The Initial Order shall remain in force with respect to

13  Protected Material produced pursuant to its terms and persons to whom such Protected Material was

14  produced.  Any person to whom Protected Material will be disclosed pursuant to the Amended Order

15  shall execute Addendum A to the Amended Order.

16      13.    <u>AGREEMENT TO BE BOUND BY THIS ORDER PENDING ITS ADOPTION BY</u>

17  <u>THE COURT</u>

18      The Parties and their attorneys agree to be bound by the terms of this Amended Order pending its

19  entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties (or

20  approved by the Court), and any violation of its terms shall be subject to the same sanctions and

21  penalties as if the Protective Order had been entered by the Court.

22      14.    <u>MISCELLANEOUS</u>

23      14.1    <u>Right to Further Relief</u>.  Nothing in this Amended Order abridges the right of any

24  person to seek its modification by the Court in the future.

25      14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

26  Order no Party waives any right it otherwise would have to object to disclosing or producing any

27  information or item on any ground not addressed in this Amended Order.   Similarly, no Party waives

28  any right to object on any ground to use in evidence of any of the material covered by this Protective

1  Order.

2        14.3   <u>No Waiver of Rights to A Party's Own Confidential Information</u>.  This Amended

3  Order has no effect upon, and shall not apply to any party's use or disclosure of its own Confidential

4  information or documents (whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

5  ATTORNEYS' EYES ONLY) for any purpose.  Any party can, upon written notice to all other parties,

6  waive a particular restriction or particular restrictions of this Protective Order regarding that party's

7  confidential information or documents (whether designated "CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL - ATTORNEYS' EYES ONLY) either generally or in a particular proceeding or

9  hearing.

10        14.4   This Amended Order is not intended to extend to or to make confidential any

11  documents or information that is, or previously has been, publicly available.

12        14.5   Nothing in this Amended Order shall prohibit any person from testifying (in either

13  an expert witness or lay witness capacity) about observations made or knowledge obtained outside of the

14  discovery process, nor from testifying about documents or things that came into such person's

15  possession outside of the discovery process, regardless of whether the same documents or information

16  are also produced in discovery subject to a designation of CONFIDENTIAL or HIGHLY

17  CONFIDENTIAL - ATTORNEYS' EYES ONLY.

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  DATED: April 5, 2006
                ROBERT T. SULLWOLD

20                                     JAMES A. HUGHES
                                   SULLWOLD & HUGHES

21

22                                By:

23                                     JAMES A. HUGHES
                        Attorneys for Defendants INTEGRITY

24                          DATA APPLICATIONS CONSULTING,
                        LLC and JONATHAN BALZORA and

25                          Defendants and Counterclaimants
                        I-DOCSECURE, LLC, E-NETSECURE

26                          SERVICES, INC., ISMART SECURE LLC
                        and JOSEPH BAGGIO

27

28

14

1    DATED:  April 5, 2006             SEDGWICK, DETERT, MORAN &
2                                                  ARNOLD LLP
                                                 JOSEPH KOURI
3                                                  MARC A. KOONIN

4

5                                   By: _____

6                                         MARC A. KOONIN
                              Attorneys for Plaintiff and Counterdefendant
7                                 iSMART INTERNATIONAL LIMITED
                              and Counterdefendant RAJ DHESIKAN

8

9                                   **ORDER**

10   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11

12   DATED:      April 6, 2006
                 _____
13

14

15                           _____
                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATION AND PROTECTIVE ORDER                     Case No.: C 04-03114 RMW

## ADDENDUM A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Amended Stipulation and Protective Order

that was issued by the United States District Court for the Northern District of California in the case of

iSmart International Limited v. iDocSecure, LLC et al., Northern District of California Case No. C 04-

03114 RMW and the related Counterclaim.  I agree to comply with and to be bound by all the terms of

this Amended Stipulation and Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Amended

Stipulation and Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Amended Stipulation and Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State or Nation where sworn and signed: _____


Printed name:_____
                    [printed name]
Signature: _____
                    [signature]


16