*E-FILED 4/24/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMART INTERNATIONAL LIMITED,<br><br>    Plaintiff,<br>v.<br>I-DOCSECURE, LLC, et al.,<br><br>    Defendants.<br>_____/ | NO. C 04-03114 RMW (RS)<br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS, AND RE DEFENDANT'S MOTION FOR RELIEF FROM WAIVER AND MOTION FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

On March 29, 2006, the court heard the parties' four motions identified in the caption above and directed the parties to engage in further meet and confer discussions regarding the issues presented. The parties were thereafter successful in negotiating the resolution of many of their disputes. On April 11, 2006 plaintiff filed a letter brief outlining the remaining points of contention. On April 12, 2006, during the hearing on an additional motion for a protective order filed by plaintiff, the Court entertained further argument on the outstanding controversies.

## II. DISCUSSION[1]

A. <u>Defendants' Motion for Relief from "Inadvertent Waiver"</u>

Under Federal Rule of Civil Procedure 34(b), "the party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer

---

[1] General background facts are set forth in the Court's order on plaintiff's motion for a protective order heard on April 12, 2006, which is being issued simultaneously with this order.

1

time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties. . . ."  Courts have held that the failure to file a timely objection to a request for production of documents is deemed a waiver. <u>Fonville v. District of Columbia,</u> 230 F.R.D. 38, 42, (D. C. 2005); <u>Coregis Ins. Co. v. Baratta & Fenerty, Ltd.</u>, 187 F.R.D. 528, 530-31 (E.D. Pa. 1999); <u>Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.,</u> 109 F.R.D. 12, 24-25 (D. Neb. 1983). However, courts consider whether parties sought an extension and whether they have attempted to demonstrate good cause for their untimely responses and objections.  <u>Fonville</u>, 230 F.R.D. at 42.  <u>See also Davis v. Fendler,</u> 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that in the absence of an extension of time or good cause, the failure to object to interrogatories within the time allotted in Rule 33 constitutes a waiver of any objection).

Courts have held that a while a waiver may result, it does not mean that it must, as a court has "broad discretion to decide on a case-by-case basis whether waiver is appropriate."  <u>Hall v. Sullivan</u>, 231 F.R.D. 468, 474 (D. Md. 2005).   Courts have held that the burden of avoiding waiver must rest with the party who failed to particularize its objections, requiring that party to demonstrate why waiver should not occur.  <u>Id.</u>  Several factors are relevant in determining whether such good cause exists: (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was an intended delay or bad faith on the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.  <u>Id.</u>

Here, iSmart propounded its first request for production of documents on June 9, 2005. There is no dispute that defendants were given an extension until July 19, 2005 to respond.  The events that followed created significant uncertainty as to the status of the document demand.  Both sides went through changes in representation, and defendants were not represented at all at some critical junctures.  At one point, iSmart expressly argued to the court that if it allowed defendant's counsel to withdraw, "it would effectively allow . . . unspecified, extension of time" for the discovery responses.

2

Nevertheless, by no later than November of 2005, both sides were represented and were back in communication regarding the outstanding document requests, and defendants were aware that a response was still required. On November 27, 2005, defendants sent plaintiff an email stating that if iSmart intended to assert that all of the objections had been waived, defendants would file a motion for relief. Defendants, however, did not serve a response to the document request until January 12, 2006, and did not seek relief from the Court until the current motions were filed.

Under all of the circumstances, it cannot be said that defendants' response necessarily was untimely. iSmart specifically represented to the presiding judge that the effect of granting defendants' former counsel's application to withdraw would be to give defendants an unspecified extension of time. Nevertheless, as discussed at the hearing, there appears to be little if any justification for the length of time that elapsed between the date that defendants unarguably were aware that a response was still being demanded and the date a response was provided.

Accordingly, at the hearing, the Court directed the parties to engage in further meet and confer efforts regarding what documents should still be produced. The Court indicated that it would not find that privilege objections had been waived and that plaintiff should not necessarily insist that all other objections had been waived. Conversely, however, the Court cautioned defendants that they should not rely on objections such as overbreadth or relevance to the extent they might otherwise in the absence of arguable waiver.

The parties' subsequent meet and confer efforts apparently were successful at eliminating many of the disputed issues. The remaining disputes are discussed below. In ruling on those disputes, the Court will apply the same guidelines it gave to the parties. Accordingly, defendants' motion for relief from inadvertent waiver is GRANTED to the extent that defendants will not be required to produce any privileged materials.[2] However, in light of defendants' failure to serve a response within a reasonable time of becoming aware that a response was past due, defendants' objections will be narrowly construed and the benefit of the doubt will be exercised in favor of

---

[2] If they have not already done so, within 20 days of the date of this order, defendants shall prepare and produce a log identifying any and all otherwise responsive documents being withheld on a claim of privilege.

3

requiring production.

B. <u>iSmart's Motion to Compel</u>

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

iSmart's motion to compel was premised on its position that defendants had waived all objections and were therefore obligated to produce the entire universe of documents that could be considered responsive to the requests as drafted. Proceeding from that premise, iSmart made no particular effort to justify each discovery request. Local Rule 37-2 requires that for each discovery request that is the subject of a motion to compel, "the moving papers must detail the basis for the party's contentions that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." While iSmart did broadly describe the documents requested and their relevance, it did not provide the detail required in Local Rule 37-2. Additionally, iSmart did not identify with any clarity to what extent responsive documents had already been provided or promised.

Given the lack of specificity as to what document requests were outstanding, the Court ordered the parties to engage in further meet and confer efforts. iSmart's letter brief submitted April 11, 2006 outlines the specific disputes that were not resolved through that process.

1. <u>Articles, Bylaws, Operating Agreements and Minutes for IDAC:</u>

iSmart moves to compel production of IDAC's corporate governance documents to prove its allegations that IDAC served as Balzora's alter ego, that Balzora was self-dealing, and that IDAC was acting to obtain profits from technology that was supposed to be contributed to the joint venture. <u>See</u> Request for Production No. 104; Amended Complaint ¶ 14, 28, 35. Defendants have produced

4

the articles, bylaws, operating agreements, and minutes for e-Netsecure and i-Docsecure, LLC, but have not produced those documents for IDAC. In defendants' meet and confer letter of April 6, 2006, defendants stated that they did not produce the non-financial corporate records for the defendants other than iSmart Secure because the documents do not contain information pertinent to this action. On April 10, 2006, defendants agreed to produce responsive documents for e-Netsecure and iDocsecure, but claim that IDAC and Balzora had not authorized production of those materials with respect to IDAC.

The corporate governance documents are relevant to prove iSmart's claims that Balzora operated IDAC as his alter ego without adequately observing corporate formalities. See Amended Complaint ¶ 13. For this reason alone, the documents should be produced. Additionally defendants did not stand on any objection to producing IDAC's documents; rather counsel stated that Balzora has not authorized releasing those documents.

Accordingly, iSmart's motion to compel is GRANTED with respect to this group of requests.

### 2. Financial Records and Other Documents Relating to Consulting Work Performed by Balzora and IDAC after 2004.

iSmart moves to compel production of records relating to consulting work performed by Balzora and IDAC after the joint venture ended in 2004, including tax returns, bank statements, all financial reports, and customer lists. iSmart argues these documents are relevant for three reasons: (1) To the extent that any technology was used that was supposed to be provided to, or developed by, the joint venture, the documents go to iSmart's claim for lost profits; (2) the documents may reflect the extent to which other defendants may be hiding assets with IDAC;  and (3) the documents may show that Balzora was able to remain in the consulting field after the failure of the joint venture.

Defendants contend that iSmart caused Balzora's termination by its withdrawal from the joint venture and that iSmart has no basis to claim any interest in work performed by Balzora long after joint venture ceased operations. Furthermore, defendants argue that production of these documents would breach confidentiality of third parties and is unlikely to lead to the discovery of admissible evidence. Defendants have produced Balzora's 2003 tax return, IDAC's customer lists

5

1  and revenues from 2003 and 2004, IDAC's bank statements from 2004, IDAC's financial reports for
2  2003 and 2004, and IDAC's invoices for 2004.  Defendants assert that no consulting records exist
3  for the time period between October of 2004 and June of 2005, because Balzora was a full-time
4  employee of Finance America during that time period.

5  At this point in time, the relationship between Balzora's consulting work after June of 2005
6  and any of the claims or defenses asserted in the parties' respective pleadings is too attenuated to
7  make the request for such information reasonably calculated to lead to discovery of admissible
8  evidence.  Thus, the Court declines to compel the production of documents related to Balzora's
9  consulting work after June of 2005.  It appears that defendants have otherwise produced, or agreed
10 to produce, all documents responsive to this group of requests.

### 3. Records Identifying Independent Contractors of IDAC

12 iSmart moves to compel all documents relating to any employment records of IDAC to prove
13 its allegation that defendants falsely represented who their existing employees were and who would
14 become employees of iSmart Secure.  See Amended Complaint ¶ 20, 24, 29.  Defendants responded
15 that IDAC had no employees.  On April 6, 2006, defendants supplemented their response stating that
16 they have not produced contracts identifying independent contractors, or 1099s for such persons,
17 with respect to projects unrelated to the joint venture.   Because of the potential privacy interests
18 non-party individuals may have in the financial information contained on 1099 forms, the Court will
19 not compel production of those forms at this juncture.  However, defendants shall disclose to  iSmart
20 the identities of any and all independent contractors retained by IDAC during the relevant time
21 period, without regard to whether such contractors were working on projects "related" to the joint
22 venture or not.

### 4. Documents Identifying the Nature of Consulting Work Done by Defendants for Others (Including IDAC "Option One" Contract)

25 iSmart alleges that defendants diverted business from the joint venture to pursue their
26 business interests.  Defendant have generally agreed to produce documents relating to their work for
27 others, but appear to be withholding some materials based on their own determination that the work
28 was wholly unrelated to the joint venture.  In light of iSmart's claims of improper diversion, and in

6

United States District Court
For the Northern District of California

view of the waiver issues discussed above, defendants are not entitled to withhold the materials in dispute. Defendants apparent concern about the confidentially of some of the material is adequately addressed by the existing stipulated protective order. Accordingly, iSmart's motion to compel is GRANTED with respect to these documents.

### 5. Production of Software

iSmart moves to compel production of two software products, a secure instant messaging program and an enKoo-related OEM remote access appliance, that were developed after the parties entered into the joint venture. Defendants have agreed to produce documents relating to these products, but not the products themselves. While the status of these products under the joint venture is in dispute, the fact that they were developed during the existence of the joint venture or thereafter is not.[3] Accordingly, iSmart's motion to compel is GRANTED with respect to these products.

### C. iSmart's Motion for Sanctions

iSmart seeks sanctions, in the form of its attorney fees and costs, incident to its filing of this motion to compel production of documents, pursuant to Fed. R. Civ. Pro. 37(a)(4). Under all the circumstances here, sanctions are not warranted, and the motion is DENIED.

### D. Defendants' Motion for Protective Order

On May 26, 2005 the presiding judge entered a protective order pursuant to the parties' stipulation for the purpose of protecting certain confidential information to be exchanged by the parties in discovery in this action. That stipulation and order, however, expressly excluded from its scope "Source Code Materials" because the parties had been unable to agree as to how such materials should be treated. Defendants therefore moved for a further protective order that would resolve those outstanding issues.

At the hearing on March 29, 2006, the parties expressed their belief that they would be able to reach an agreement on the form of a further protective order, in view of the Court's comments thereon. The parties were successful in reaching an agreement, and the court entered their stipulated protective order on April 6, 2006.

---

[3] This fact distinguishes these products from iSmart's "Visa codelet," discussed in the order being issued simultaneously with this order.

7

III. CONCLUSION

For the above stated reasons, defendants' motion for relief from waiver is GRANTED to the extent that defendants need not produce privileged materials, and iSmart's motion to compel is GRANTED to the extent set forth above. Defendants shall produce any responsive documents in their possession, custody, or control within 20 days of the date of this order, and shall within that time produce a log identifying all documents withheld under a claim of privilege. iSmart's motion for sanctions is DENIED. Defendants' motion for a protective order has previously been resolved, by entry of such an order, pursuant the parties' stipulation, on April 6, 2006.

IT IS SO ORDERED.

Dated: April 24, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Michael Chaplin    mchaplin@whitecase.com, drose@whitecase.com

James Arthur Hughes    jah@greenstamps.com, jkjompedahl@greenstamps.com

Marc A. Koonin    marc.koonin@sdma.com

Joseph Kouri    joseph.kouri@sdma.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: April 24, 2006**                                             **Chambers of Judge Richard Seeborg**

                                                                      **By:    /s/ BAK**

**United States District Court**
For the Northern District of California

9