**\*E-FILED 4/24/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMART INTERNATIONAL LIMITED,<br><br>    Plaintiff,<br>v.<br><br>I-DOCSECURE, LLC, et al.,<br><br>    Defendants.<br>_____/ | NO. C 04-03114 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

## I. INTRODUCTION

Plaintiff iSmart International Limited moves for an order relieving it from the obligation to produce certain materials that it contends contain trade secrets or other confidential information. The motion was fully briefed and heard by the Court on April 12, 2005.[1] Based on all papers filed to date, as well as on the argument of counsel, the Court grants in part and denies in part iSmart's motion for protective order.

## II. BACKGROUND

This action arises from the failure of a joint enterprise formed by iSmart and defendants on February 11, 2005. The parties generally agreed to contribute assets, including software, to a separate, jointly-owned entity that would promote, sell, and support existing products and develop new ones. The parties' relationship crumbled shortly after they entered into the joint agreement.

---

[1] At the hearing, the parties also presented further argument regarding motions that were originally heard on March 29, 2006 and as to which the parties had been directed to engage in further meet and confer discussions. The Court's ruling on those motions is being issued simultaneously herewith, in a separate order.

1    iSmart alleges that the defendants falsely represented the assets that they agreed to contribute
2 to the joint entity.  Defendants contend that funding from iSmart came late and in insufficient
3 amounts to cover the joint entity's operational expenses.  Additionally, defendants allege that iSmart
4 never shared its Smart Card technology, related assets, and customer information with the joint
5 entity as the agreement bound it to do.

6    On July 30, 2004, iSmart filed this action for rescission of the joint agreement.  Defendants
7 responded with counterclaims for specific performance as well as various fraud and contract claims
8 against iSmart, counterdefendant Raj Dhesikan, and two other unserved counterdefendants.

9    On January 12, 2006, defendants propounded its first request for production of documents to
10 iSmart.  By this motion, iSmart seeks to be relieved from having to produce software, source code,
11 object code, and related technical specifications relating to its Smart Card technology, on the
12 grounds that disclosure could jeopardize the cards' security and the value to card users.  Although
13 iSmart contends that *none* of the responsive materials should be produced, it places the greatest
14 emphasis on certain software referred to as the "Visa codelet," which it contends was never intended
15 to be part of the joint venture.  The parties have recently entered into an amended stipulated
16 protective order to which, they agree, any documents required to be produced will be subject.

17                                     III. DISCUSSION

18    Under the Federal Rules of Civil Procedure, Rule 26(b)(1), [p]arties may obtain discovery
19 regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .
20 Relevant information need not be admissible at the trial if the discovery appears *reasonably*
21 *calculated* to lead to the discovery of admissible evidence."  (emphasis added).  The Federal Rules
22 of Evidence further provide that evidence is relevant if it has "any tendency to make the existence of
23 any fact that is of consequence to the determination of the action more probable or less probable
24 than it would be without the evidence."  Fed. R Evid., Rule 401.  There is no absolute privilege for
25 trade secrets or similar confidential information.  *Federal Open Market Committee v. Merrill*, 443
26 U.S. 340, 362 (1979).  However, discovery may be limited by the court for good cause shown "to
27 protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."
28 Fed. R. Civ. P. 26 (c)).

1    Here, there is no dispute that software code and other material relating to the Smart Card
2 technology include proprietary confidential information.  While iSmart has shown that unfettered
3 disclosure of the information could cause harm to iSmart or to third parties, it has not shown that
4 disclosure under the parties' stipulated protective order would create undue risks.
5    Defendants' counterclaims include allegations of fraud in the inducement, negligent
6 misrepresentation, and deceit by false promise, all of which relate to representations purportedly
7 made by iSmart regarding its ISM technology in connection with the formation of the joint venture.
8 Defendants contend that documents responsive to requests nos. 1-3 will be relevant to determine
9 whether iSmart's representations about the ISM technology had a sufficient basis in fact, and
10 whether iSmart could have performed its contractual promise to contribute that technology to the
11 joint entity.  iSmart counters that the requests seeking the ISM technology software source code and
12 object code are too attenuated because defendants are not contending the encryption/decryption
13 algorithms are deficient or that they ever had knowledge of the algorithms.  Even if the claims do
14 not directly implicate the functionality of the software, however, that does not mean that it is
15 irrelevant.  The mere existence of the code may be probative as to whether or not iSmart's
16 representations about the technology were true.
17    iSmart also contends that defendants cannot claim they were relying on representations
18 regarding specific technology at the time they entered the joint venture agreement because "Exhibit
19 B," which identified the subject  "ISM technology" had not been finalized by that time.   The fact
20 that Exhibit B may not have then been final, however, is not dispositive, particularly at the discovery
21 stage.  There is no real dispute that the ISM technology was at the center of what the joint venture
22 was formed to exploit and there is no basis to preclude production in light of the entry of the
23 protective order.
24    The primary issue is whether iSmart should be required to produce a particular piece of
25 intellectual property:  its so-called "Visa codelet" and related materials.  iSmart contends that this
26 particular technology was *never* intended to be part of the joint venture and that production of the
27 software code pertaining to it could seriously jeopardize the security and integrity of credit card
28 transactions for consumers across the globe.

The record is not entirely clear as to the relationship between the Visa codelet and the technology that was to be part of the joint venture, nor is it entirely clear that production of the Visa codelet and related documents would necessarily even be responsive to the existing document requests.[2] If, and to the extent that, the Visa codelet *was* part of or closely interrelated to technology that was to be part of the joint venture, there would appear to be no sufficient reason to preclude its production under the protective order. However, since the Visa codelet is *not* specifically identified in the joint venture documents, production of the highly sensitive source code and similar technical information is not warranted at the present time. At the hearing, defendants suggested that, at least for now, they would be satisfied with production of non-technical materials relating to the Visa codelet, and that appears to be a reasonable solution. Accordingly, a protective order will issue relieving iSmart from any obligation to produce Visa codelet source code, object code, or technical documentation absent further court order, but this protective order does not preclude production of any other documents that may relate to the Visa codelet to the extent that any such documents may exist and may be responsive to any requests.

---

[2] Requests 1 - 3 are specific to technology identified in the agreement. However, as iSmart suggests, requests 43 and 44 appear potentially broad enough to implicate the Visa codelet, and defendants have not disclaimed any intent to seek it.

IV. CONCLUSION

For the above stated reasons, iSmart's motion for protective order is GRANTED to the limited extent that iSmart is hereby relieved from any obligation to produce Visa codelet source code, object code, or technical documentation absent further court order. To the extent the motion sought entry of a protective order, that aspect of the motion has been resolved by entry of such an order, pursuant the parties' stipulation, on April 6, 2006. The motion is in all other respects DENIED.

IT IS SO ORDERED.

Dated: April 24, 2006

RICHARD SEEBORG
United States Magistrate Judge

5

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2 Michael Chaplin    mchaplin@whitecase.com, drose@whitecase.com

3 James Arthur Hughes    jah@greenstamps.com, jkjompedahl@greenstamps.com

4 Marc A. Koonin    marc.koonin@sdma.com

5 Joseph Kouri    joseph.kouri@sdma.com

7 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9 **Dated: April 24, 2006**                                **Chambers of Judge Richard Seeborg**

**By:**    /s/ BAK

**United States District Court**
For the Northern District of California