**E-FILED on** ___7/7/06___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMART INTERNATIONAL LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>I-DOCSECURE, LLC, a California Limited Liability Company; E-NETSECURE SERVICES, INC., a California Corporation; INTEGRITY DATA APPLICATIONS CONSULTING, LLC, a California Limited Liability Company; ISMART SECURE, LLC, a Delaware Limited Liability Company; JOSEPH BAGGIO, an individual; JONATHAN BALZORA, an individual,<br><br>　　　　　Defendants. | No. C 04-03114 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO ISSUE A NEW CASE MANAGEMENT SCHEDULING ORDER<br><br>**[Re Docket Nos. 191, 200, 204]** |

　　Plaintiff iSmart International, Ltd. moves for leave to amend its complaint for a second time to add eleven new causes of action and one new defendant, iSmart Connect. For the reasons set forth below, the court denies plaintiff's motion for leave to amend.

## I. BACKGROUND

**A.    Procedural Background**

　　Plaintiff filed its initial complaint on July 30, 2004, in which it alleged failure of a joint enterprise between itself, I-DocSecure, LLC ("I-Doc"), E-NetSecure Services, Inc. ("E-Net").

Compl. at 1. Plaintff sought rescission of the alleged "Joint Enterprise Formation Agreement" and imposition of a constructive trust against I-Doc, and E-Net, Integrity Data Applications Consulting, LLC ("Integrity"), Joseph Baggio, and Jonathan Balzora. *Id.*

On October 26, 2004, plaintiff filed a first amended complaint, adding iSmart Secure, LLC ("Secure"), the "new company formed pursuant to the Agreement," as a new defendant. 1st Am. Compl. ("FAC"), docket no. 32, ¶ 19. Plaintiff added no causes of action to its first amended complaint. *Id.* To the prayer for relief, plaintiff added requests for restitution of consideration it paid pursuant to the agreement and pre- and post-judgment interest. *Id.* ¶ 37.

On March 1, 2006, plaintiff filed a motion to compel production of documents based on a request for production served by plaintiff's prior counsel. Docket no. 124. Plaintiff's motion to compel was granted by Magistrate Judge Seeborg on April 24, 2006. Docket no. 186. On May 26, 2006, plaintiff filed this motion for leave to amend its complaint again and also requested a new case management scheduling order continuing discovery, pre-trial, and trial dates.[1]

## B.  Allegations in Plaintiff's Proposed Second Amended Complaint

Plaintiff seeks to amend its complaint to add eleven new claims against existing defendants and four new claims against new defendant iSmart Connect ("Connect").[2] The proposed second amended complaint ("PSAC") contains twelve causes of action (against the following defendants):

(1) intentional fraud in the inducement (Baggio, I-Doc, E-Net, and Balzora)

(2) negligent misrepresentation (Baggio, I-Doc, E-Net, and Balzora)

(3) promissory fraud/deceit by false promise (Baggio, I-Doc, E-Net, and Balzora)

(4) rescission (Baggio, I-Doc, E-Net, Secure, Integrity, and Balzora)

(5) breach of contract (Baggio, I-Doc, E-Net)

(6) breach of implied covenant of good faith and fair dealing (Baggio, I-Doc, and E-Net)

---

[1] Plaintiff concurrently moved to shorten the briefing schedule on this motion. Docket no. 193. The court denied the motion. Docket no. 198.

[2] Defendants incorrectly state that plaintiff seeks to add ten new causes of action, likely in reliance on plaintiff's motion, which misnumbers plaintiff's claims. *See* Mot. at 3; Opp'n at 1. Plaintiff's proposed second amended complaint alleges a total of twelve claims, only one of which (rescission) was asserted in plaintiff's first amended complaint. Mot. at 3; FAC.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO ISSUE A NEW CASE MANAGEMENT SCHEDULING ORDER—No. C 04-03114 RMW SEG
2

1      (7)    breach of fiduciary duty (Baggio, I-Doc, and E-Net)

2      (8)    involuntary dissolution of joint venture (Secure, Baggio, I-Doc, and E-Net)

3      (9)    misappropriation of trade secrets (Baggio, I-Doc, E-Net, and *Connect*)

4      (10)    conversion (Baggio, I-Doc, E-Net, *Connect*)

5      (11)    intentional interference with contract (Baggio, Balzora, Integrity, I-Doc, E-Net,
6  and *Connect*)

7      (12)    unfair competition (Baggio, I-Doc, E-Net, and *Connect*)

8  PSAC ¶¶ 52-158.

## II. ANALYSIS

**A.  Legal Standard**

Within certain time limits, a party may amend a pleading once as a matter of course; thereafter, amendments require consent of the adverse party or leave of court. FED. R. CIV. P. 15(a). The command that leave to amend "shall be freely given when justice so requires" is to be applied by the courts with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Nevertheless, leave is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Whether to allow leave to amend is within the discretion of the district court. *Id.* A district court may deny a party's request to amend a pleading where the amendment: (1) produces an undue delay in litigation; (2) is sought in bad faith or with dilatory motive; (3) unduly prejudices the adverse party; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

The court will first review plaintiff's request to add eleven new causes of action against the existing defendants. The court will then address adding iSmart Connect as a new defendant.

**B.  New Claims Against Existing Defendants**

    **1.  Delay**

In determining whether a motion for leave to amend should be granted, the court is to consider whether the party seeking the amendment unduly delayed in filing its motion. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). Relevant to evaluating delay is whether the moving party knew or should have known the facts and theories raised by the amendment in the

original pleading. *AmerisourceBergen*, 445 F.3d at 1137. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). The Ninth Circuit has held that an eight-month delay between acquiring the requisite facts and seeking amendment is unreasonable. *AmerisourceBergen*, 445 F.3d at 1137. However, absent a showing of bad faith, prejudice, or futility, undue delay alone is an insufficient basis for denying leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

  Plaintiff alleges that the claims it now seeks to assert against existing defendants are based on information recently obtained in discovery. Reply, docket no. 20, at 1. The court does not find this assertion entirely credible. Five of the claims that plaintiff now seeks to assert against defendants were previously alleged by plaintiff in a state-court complaint filed June 23, 2004. Hughes Decl., Ex. A ("State Compl."). Plaintiff brought suit in the Santa Clara County Superior Court, alleging eight causes of action against I-Doc, E-Net, Baggio, and twenty unnamed Doe defendants. *Id.* That complaint contained five claims that plaintiff now seeks to add to this suit—misappropriation of trade secrets, breach of contract, fraud in the inducement, dissolution, and unfair competition—seeking, among other forms of relief, monetary damages, punitive damages, specific performance, an accounting, a constructive trust, and restitution. *Id.*

  While plaintiff now alleges the factual basis for these five claims with greater specificity, the claims remain dependent on the core facts and legal theories asserted in plaintiff's state-court complaint.[3] Plaintiff filed its state-court action a month prior to bringing suit in this court for rescission of the joint venture and four months prior to filing its first amended complaint. *See*

---

[3] For example, in its state-court claim for misappropriation of trade secrets, plaintiff alleged that Baggio, E-Net, I-Doc, and 20 unnamed Doe defendants "engaged in a secret, deceptive, unethical and wrongful course of conduct in an effort to retain specific Trade Secrets" and that plaintiff was "informed and believe[d] that" the defendants "misappropriated said Trade Secrets and used or disclosed them." State Compl. ¶¶ 16-17. In its proposed amended complaint, plaintiff alleges that Baggio, E-Net, and I-Doc "violated the provisions of Cal. Civ. Code § 3294 in that they acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of Plaintiff's rights" when they "misappropriated the trade secrets of Plaintiff and the Joint Venture" and "transferred [them] to iSmart Connect without the permission of Plaintiff." PSAC ¶¶ 130-34.

Compl. at 1; FAC at 1.  Plaintiff knew of the facts giving rise to these five claims (as well as the legal theories it now asserts against defendants), or at least sufficient facts on which to assert the claims, no later than the inception of this suit in July of 2004.

The remaining six claims against existing the defendants—negligent misrepresentation, promissory fraud, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, conversion, and intentional interference with contract—arise from the facts alleged by plaintiff in its state-court complaint and first amended complaint or are logical variations of plaintiff's state-court claims.  Plaintiff's proposed claims for negligent misrepresentation and promissory fraud are based on many of the same factual assertions as plaintiff's state-court claim for fraud in the inducement.  Plaintiff alleged in its state-court claim that I-Doc and Baggio made representations to plaintiff regarding I-Doc's income, employee and management personnel, and future performance under the agreement.[4]  State Compl. ¶ 25.  "These representations were false and I-Doc and Baggio knew them to be false at the time they made them." *Id.* ¶ 26.  Plaintiff alleged, as it does now, that it relied on misrepresentations made during the negotiation process and was induced to enter into the joint venture agreement by defendants' "fraud and deceit." *Id.* ¶¶ 28-29; PSAC ¶ 35.

Plaintiff's proposed claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty arise out of the same factual and legal assertions made in connection with plaintiff's state-court claims for breach of contract and fraud in the inducement.  Plaintiff alleged both in its state court complaint and in its first amended complaint that plaintiff and I-Doc "entered into a Joint Enterprise Formation Agreement," that I-Doc failed to perform its obligations under the agreement, and that I-Doc and Baggio made misrepresentations to plaintiff during the negotiation process.  FAC ¶¶ 19, 20-27; State Compl. ¶¶ 12-13, 25-26.

While plaintiff's proposed claims for conversion and intentional interference with contract now specify Connect as a knowing recipient of joint venture assets, plaintiff previously alleged in

---

[4] Plaintiff alleged in its first amended complaint that I-Doc, E-Net, Baggio, and Balzora falsely represented not only income and management personnel, but also its assets and "key features" of intellectual property that I-Doc and E-Net were to transfer to the joint venture.  FAC ¶¶ 27-28.

state court that I-Doc, E-Net, Baggio, and the Does "used or disclosed" plaintiff's trade secrets and that the defendant I-Doc has "accrued revenue and maintained assets that were properly revenues and assets of the joint venture." State Compl. ¶¶ 17, 37.  In light of plaintiff's allegations that false statements were made during the negotiation process and that defendants used and profited from plaintiff's trade secrets and the assets of the joint venture, the court finds that plaintiff's claims for conversion and intentional interference are merely logical derivations of its previous claims. Plaintiff was aware of the basic facts underlying these two claims at the outset of this case.

Here, as plaintiff knew the requisite facts and knew or should have known the legal theories it now raises when it filed its complaint almost two years ago, the court finds that plaintiff unduly delayed in filing this motion for leave to amend.

### 2. Bad Faith

The court finds persuasive defendants' assertion that plaintiff made a strategic decision to bring a single claim for rescission in this court. Opp'n at 2.  Defendants filed counterclaims against plaintiff in February 22, 2005 for declaratory relief, specific performance, fraud in the inducement, negligent misrepresentation, deceit by false promise, intentional (and, alternatively, negligent) interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, and breach of contract. Docket no. 81.  Plaintiff now states that six of plaintiff's new claims "relate to the same contract and are mirror images and/or are based upon the same legal theory as Defendants' counter claims" and that "the new claims relate to the same contract and various *breach of contract claims* the parties have litigated *since the case was filed*." Reply at 4-5 (emphasis added).[5]

The court finds it difficult to accept—given (1) the overlap between plaintiff's state-court claims and plaintiff's new claims (2) the relevance of the facts alleged in plaintiff's first amended complaint to plaintiff's current claims, and (3) the similarity between defendants' counterclaims and plaintiff's new claims—that plaintiff bases its current legal theories on evidence newly uncovered

---

[5]  In his declaration, however, plaintiff's counsel contends that: "Until we had finally had the opportunity (after virtually a year of waiting) to review the relevant documents, we could not assess whether we had a reasonable basis to state our claims based on contract." Kouri Decl., docket no. 205, ¶ 7.

during the course of discovery. *See* Reply at 1. While this does not prove bad faith on the part of plaintiff, the court remains skeptical of plaintiff's purported good faith motive for seeking leave to amend and a one-year continuance of the trial date two years after filing its initial complaint. Mot. at 7.

### 3. Prejudice

Defendants contend that granting plaintiff's proposed amendments would be extremely prejudicial. Opp'n at 8-9. Defendants argue that allowing plaintiff to add eleven new causes of action and a new defendant would greatly expand the scope and cost of discovery.[6] *Id.*

The Ninth Circuit has affirmed denials of leave to amend as prejudicial where a plaintiff's motion was made after the close of discovery. *See, e.g., Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). Motions for leave to amend are also deemed prejudicial when they are brought near the end of discovery. *See, e.g., Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of leave to amend complaint where motion was filed on eve of discovery cut-off and where allowing motion would require re-opening discovery). Where a motion to amend adding a new claim is brought shortly before the close of discovery, where allowing the motion would be prejudicial to the opposing party, and where the facts underlying the new claim were previously available to plaintiff, denial of the motion is proper. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Here, plaintiff brought its motion less than one month before the close of expert witness disclosure, two months before the close of non-expert discovery, and four months before the close of

---

[6] Interestingly, plaintiff claims that "[d]efendants will not be prejudiced by the amendment because the claims are based on the same operative facts and assert only new legal theories." Mot. at 5. However, plaintiff offers no explanation for why it did not assert these legal theories earlier in the suit or why it later states in its reply that the claims are "based upon information obtained in approximately 10,000 pages of documents produced by Defendants." Reply at 1.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO ISSUE A NEW CASE MANAGEMENT SCHEDULING ORDER—No. C 04-03114 RMW
SEG                                           7

1 expert witness discovery.[7]  Mot. at 9.  Granting plaintiff's motion would require a significant
2 extension of pre-trial and trial deadlines.  Defendants would also have to expend significantly more
3 time and resources on new discovery.  Trial is currently set for November 6, 2006.  Plaintiff requests
4 a one-year continuance of the trial date to accommodate discovery on its new claims and new
5 defendant.  Mot. at 9.  This proposed extension would unduly delay the resolution of this case.

**4.     Futility**

A motion to amend may be denied if the claim it seeks to add is futile or legally insufficient. *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Id.*  In evaluating futility, the proper analytical framework to be applied is the test for legal sufficiency of a pleading under Rule 12(b)(6). *Id.*  Thus, the burden is on the defendants to prove that plaintiff's amendment would be futile. *Id.*  The Ninth Circuit generally deems futile only those claims which are clearly insufficient, when, for example, a plaintiff lacks standing to bring suit or is statutorily precluded from asserting the claim. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291 (9th Cir. 1990) (district court's denial of motion to amend complaint affirmed where plaintiff lacked standing to bring claim); *Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003) (plaintiffs not entitled to add claims barred by statute of limitations).

Defendants contend that all of plaintiff's proposed claims are futile.  Opp'n at 10.  While defendants "believe that all of the proposed new claims are frivolous," "for the purposes of efficiency" defendants have discussed only four.  Opp'n at 10-12.  Because the burden of proving futility lies with defendants, the court addresses only these four claims.

**i.     Involuntary Dissolution**

Defendants argue that the court lacks jurisdiction to dissolve iSmart Secure, which, as a Delaware limited liability company, may only be dissolved by the Delaware Court of Chancery. *Id.* at 10-11.  Citing *In re Mercantile Guaranty Co.*, 238 Cal. App. 2d 426 (1965), plaintiff contends that

---

[7] Plaintiff's motion was filed on May 26, 2006. The relevant pre-trial deadlines are: expert witness disclosure (June 16, 2006), expert witness discovery (Sept. 29, 2006), and non-expert witness discovery (July 28, 2006).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO ISSUE A NEW CASE MANAGEMENT SCHEDULING ORDER—No. C 04-03114 RMW SEG
8

1  this court has jurisdiction because "a California State Court has the authority to dissolve a Delaware
2  corporation."  Reply at 8.

3        District courts in the Ninth Circuit generally do not have jurisdiction over actions to dissolve
4  or wind up the affairs of a corporation domiciled in another state. *Quinn v. Jaloff*, 71 F.2d 707, 710
5  (9th Cir. 1934) ("[I]t was beyond the power of a federal court in Oregon to dissolve a Delaware
6  corporation.").  However, the California Court of Appeal made clear in *Mercantile* that California
7  state courts may assume jurisdiction over the dissolution of foreign corporations when necessary.
8  238 Cal. App. 2d at 433 (noting that all assets, books, and records of the corporation were in
9  California, all of its business was conducted in California, and there were no officers in foreign
10 jurisdiction).  A federal court exercising diversity jurisdiction will apply the law of the state in
11 which it sits.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).  Plaintiff pleads that all defendants are
12 citizens of California, that a substantial part of the events giving rise to the claims occurred in
13 California, and that defendants are "in possession and control of the Joint Venture's books, assets,
14 and accounts," presumably also in California.  PSAC ¶¶ 16, 125.  Thus, under *Mercantile*, plaintiff is
15 not clearly precluded from maintaining its cause of action for dissolution of a Delaware limited
16 liability company.

      **ii.**    **Misappropriation of Trade Secrets**

18       Defendants next contend that plaintiff's claim for misappropriation of trade secrets is futile
19 because (1) only iSmart Secure, as the sole owner of the alleged trade secret, has standing to allege
20 misappropriation and (2) plaintiff has failed to allege that the use of the trade secret was without the
21 consent of iSmart Secure.  Opp'n at 11.

22       Plaintiff pleads that "[a]s a 50% owner of the Joint Venture, [it] was in possession of a trade
23 secret consisting of a proprietary security software product."  PSAC ¶ 128.  As all statements pled in
24 the complaint must be deemed true for purposes of evaluating futility, the court does not find that
25 plaintiff's claim for misappropriation of trade secrets is futile.

      **iii.**    **Intentional Interference with Contract**

27       Defendants argue that plaintiff does not state a cognizable claim for intentional interference
28 with contract, contending that plaintiff "does not cite any law which could hold defendant liable."

1 Opp'n at 11. However, as plaintiff correctly notes, under the Federal Rules of Civil Procedure, a
2 plaintiff need not cite in his complaint the specific law upon which his claim rests. *Conley v.*
3 *Gibson*, 355 U.S. 41, 47-48 (1957). The purpose of the complaint is to provide defendants with fair
4 notice of the claim. *Id.* Thus, plaintiff's claim is not clearly futile.

### iv. Unfair Competition

Lastly, defendants contend that plaintiff has not stated a cause of action for unfair competition under California law. Opp'n at 12. Plaintiff alleges in its proposed amended complaint that defendants violated §§ 17200 *et seq.* of the California Business & Professions Code ("UCL"). PSAC ¶¶ 150-58. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" § 17500. "Unfair competition" under § 17200 "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Ariz. Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Int'l, Inc.*, 421 F.3d 981, 986 (9th Cir. 2005). Given the specificity of plaintiff's claims alleging misrepresentation and fraud and the broad construction afforded the statute, the court does not find that plaintiff's claim for unfair competition is futile.

### 5. Conclusion

While the claims sought to be added against the existing defendants are not clearly futile, plaintiff's undue delay, plaintiff's questionable good faith, and the risk of prejudice to the existing defendants justify denying plaintiff leave to amend its complaint as to the existing defendants.

## C. iSmart Connect as New Defendant

### 1. Delay

While there is no strong showing that plaintiff delayed in adding new defendant iSmart Connect to this suit, a close reading of plaintiff's supporting briefs suggest that plaintiff was aware that Connect existed and was closely connected to the existing defendants before it filed this motion. In its motion, plaintiff admitted that it was "previously aware of iSmart Connect's existence," but stated that it had "only recently become aware of documents which support adding iSmart Connect

as a new Defendant to this Action."[8]  Mot. at 8.  Plaintiff claims that it became informed of Connect's alleged involvement with existing defendants while examining over 10,000 pages of documents produced by defendants in response to plaintiff's motion to compel.[9]  *Id.* at 5.

According to plaintiff's proposed second amended complaint, Connect registered the domain name "ismartconnect.com" in July of 2004.  PSAC ¶ 44.  Connect was incorporated as a California corporation on or about August 12, 2004.  *Id.*  In support of its allegations against Connect, plaintiff states that iSmart Connect "has a similar name to the Joint Venture [iSmart Secure], apparently engages in the same business as the Joint Venture, and apparently employs officers and employees who worked for the Joint Venture in identical and similar capacities."  Mot. at 8.  Plaintiff contends that Baggio, a defendant in this suit and in plaintiff's state court action, registered the domain name for Connect.  *Id.*

Given iSmart Connect's date of incorporation of almost two years ago, available to plaintiff in the public record, and given the overlap of employees and business interests between plaintiff and iSmart Connect, the court finds it unlikely that plaintiff was unaware of iSmart Connect's existence prior to this motion.  The court is left with the distinct impression that through reasonable diligence on plaintiff's part, Connect could have been added as a defendant much earlier in this case.

### 2. Bad Faith

There is no showing of bad faith on the part of plaintiff in seeking to add iSmart Connect as a new defendant in this case.

### 3. Prejudice

"Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no prejudice where there was no "unjust delay" and where no trial date was pending or pretrial

---

[8] In his declaration, conversely, plaintiff's counsel states: "Prior to the review of Defendants' massive document productions of March and April 2006, I had never heard of iSmart Connect."  Kouri Decl., docket no. 205, ¶ 5.

[9] Plaintiff is careful in its wording, stating that it became informed of iSmart Connect's involvement with existing defendants "*based in part* on these recently-obtained documents and resulting internal discovery."  Mot. at 5 (emphasis added).  Plaintiff does not cite or specify any particular documents or evidence in support of its allegations.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO ISSUE A NEW CASE MANAGEMENT SCHEDULING ORDER—No. C 04-03114 RMW SEG
11

conference was scheduled).  The Ninth Circuit has stated that "avoiding prejudice to the party to be added" is a "major objective."  *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984).  The addition of iSmart Connect to this case at this stage in litigation, after two years of disclosures and discovery, may prove extremely prejudicial to Connect as a new defendant.  Connect has not been privy to the discussions, disclosure, and discovery conducted thus far in the litigation of this case, and Connect would have a short time period in which to catch up with plaintiff and existing defendants on the facts and legal theories of the case.

**4.     Futility**

As discussed above for the existing defendants, defendants have not met their burden of proof in establishing the legal insufficiency of plaintiff's proposed claims.

**5.     Conclusion**

While the claims sought to be added against iSmart Connect are not clearly futile, plaintiff's undue delay and the risk of prejudice to iSmart Connect justify denying plaintiff leave to amend its complaint to add iSmart Connect as a defendant.

### III.  ORDER

For the foregoing reasons, the court denies plaintiff's motion for leave to amend its complaint and therefore denies plaintiff's request for a new case management scheduling order.

DATED:         7/7/06                          _Ronald M. Whyte_
                                               RONALD M. WHYTE
                                               United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Joseph Kouri          joseph.kouri@sdma.com
Marc A. Koonin        marc.koonin@sdma.com

**Counsel for Defendants:**

Michael N. Edelman    michaeledelman@paulhastings.com
Robert T. Sullwold    rts@greenstamps.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     7/7/06            /s/ JH
                         **Chambers of Judge Whyte**