**United States District Court**
For the Northern District of California

*E-FILED 8/8/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMART INTERNATIONAL LIMITED<br><br>Plaintiff,<br><br>vs.<br><br>I-DOCSECURE, LLC, a California limited liability company; E-NETSECURE SERVICES, INC., a California corporation; INTEGRITY DATA APPLICATION CONSULTING, LLC, a California limited liability company; ISMART SECURE LLC, a Delaware limited liability company; JOSEPH BAGGIO, an individual; JONATHAN BALZORA, an individual,<br><br>Defendants. | CASE NO. C 04-03114 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES BY ISMART INTERNATIONAL AND RAJ DHESIKAN TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| AND RELATED COUNTERCLAIM. | |

INTRODUCTION

Before the court is the motion by defendants I-DocSecure, LLC (I-Doc), e-NetSecure Services, Inc. (E-Net), iSmart Secure, LLC, and Joseph Baggio (1) to compel plaintiff iSmart International Limited (ISI), and counterdefendant Raj Dhesikan to provide further responses to defendants' document requests, and (2) for a forty-five day discovery extension following document production. The matter was fully briefed and oral argument was heard on August 2, 2006. Based on all the papers filed to date and the argument of counsel, the motion will be granted

in part and denied in part, as set forth below.

## BACKGROUND

The nature of this action has been described in the Court's prior orders. The present motion relates to defendants' first request for production of documents propounded to ISI and Dhesikan, served on January 12, 2006. ISI and Dhesikan responded to the requests on March 3, 2006. Defendants claim these responses are inadequate because ISI initially "flatly refused to produce any documents," and then claimed that some documents it later agreed to produce had been destroyed or "inadvertently lost." ISI additionally objected to the document requests as calling for "trade secrets," and sought a judicial protective order to preclude production. On April 24, 2006, the Court largely denied the motion, including the objections invoked by ISI pertaining to the production of source code. The Court granted the motion and precluded production only with respect to the "Visa codelet" code that apparently is not implicated in the parties' dispute.

Now, defendants generally allege that neither ISI nor Dhesikan have fully responded to the document requests. Accordingly, they seek through this motion to compel an order; (1) overruling ISI's and Dhesikan's objections to Document Request Nos. 1-11, 14-20, 24-26, 29, 31-32, 35, and 67; (2) compelling ISI and Dhesikan to provide amended responses reflecting that it will produce all documents responsive to these requests; (3) compelling ISI and Dhesikan to provide amended responses to the remainder of the document requests, confirming that all responsive document have been produced; (4) compelling ISI and Dhesikan to produce all remaining responsive documents and a complete privilege log no later than five days after the hearing; and (5) permitting defendants to conduct follow-up discovery for forty-five days after the completion of ISI and Dhesikan's production.

## DISCUSSION

### A. Pending disqualification motion

This motion was prepared and filed with the participation of Paul, Hastings, Janofsky & Walker, LLP, which has recently substituted in as counsel for some of the defendants. ISI has filed a motion to disqualify Paul, Hastings, which has been heard but not yet decided by the presiding

1 judge. ISI's opposition to this motion includes an argument that it should be denied on grounds that
2 Paul Hastings had a conflict such that it could not properly bring the motion. Subsequently,
3 however, the parties entered into a stipulation providing, among other things, that "until the
4 resolution of the disqualification motion, iSmart will not object to the participation of Paul Hastings
5 in any proceedings in this case." (See Order dated July 6, 2006, docket no. 234).

6 Even in the absence of this stipulation, the pending disqualification motion does not provide
7 a basis to deny the present motion, because defendants's right to the discovery in dispute does not
8 turn on the representation issue. Even if Paul Hastings were to be disqualified, defendants would
9 be entitled to bring a motion seeking the same substantive relief. Accordingly, the Court will
10 proceed to the merits.

11 B. <u>Completeness of ISI's production</u>

12 With the exception of certain specific categories discussed below, ISI has represented
13 through counsel that it has produced all responsive documents that are in its possession, custody, or
14 control. ISI acknowledges that other responsive documents may have existed at one time, but
15 asserts that document retention policies and procedures may be significantly different under
16 ordinary business practices in India, where its operations are based.

17 As discussed at the hearing, the only issue presented at this juncture in the discovery process
18 is to ensure that all extant responsive documents have been or will be produced. Whether any
19 consequences flow from the loss or destruction of documents, for any reason, is a question for
20 another day. Accordingly, within 20 days of the date of this order, ISI shall provide a verified
21 statement signed by a responsible corporate official that all responsive, non-privileged documents
22 have been produced.

23 C. <u>Bank Statements</u>

24 ISI acknowledges that it has not produced all documents responsive to Request No. 11,
25 which seek bank statements and related documents dating from 2002 to 2004. ISI objects that the
26 request is overbroad and burdensome. In ISI's view, its financial condition *at the time* the joint
27 venture was formed in 2004 may be relevant, but anything before that point in time is not.
28 Defendants respond that ISI's representations as to its financial condition included matters relating

3

to its "track record" of success and how its financial condition had been achieved over time. Defendants specifically contend that the records it seeks are critical to proving or disproving ISI's assertion that it had "a pipeline of business in excess of $106 million."

For purposes of discovery, at a minimum, ISI's financial status during the two years preceding formation of the joint venture is relevant. As ISI has not established that producing these materials would be unduly burdensome or otherwise inappropriate, the motion will be granted as to this request.

D. Tax Returns

ISI has not produced Indian tax returns sought under Request No. 10, but contends that it has produced the "heart" of the substantive information that would be found in those returns. ISI asserts that it has produced "certified audits" containing all of the data on which the tax returns are based. Defendants assert that they have received only limited and incomplete financial information, and that comparing the representations ISI was making to defendants at the time of the joint venture to representations ISI was making to governmental authorities could be highly probative of an intent to defraud.

Although the Court generally is reluctant to compel tax returns where the information is available from another source, the record here does not show that ISI has otherwise produced sufficient information and documentation to render production of the tax returns inappropriate, or that the production would be unduly burdensome or objectionable on other grounds. Accordingly, the motion will be granted as to this request.

E. Employee Records

To support its counterclaim alleging ISI intentionally misrepresented the size of its employee workforce, defendants requested employee records. ISI contends these requests are invasive and violate "employee rights and privileges" and that producing them would be burdensome because they are in "deep storage." At the hearing, ISI further asserted that in the thousands of documents already produced there are emails sufficient to show its staffing levels.

ISI has not shown that it has adequately documented the size and nature of its workforce. Nor does its generalized assertion that the documents are in "deep" storage suffice to establish that

1  production would be *unduly* burdensome. Accordingly, the motion will be granted as to this
2  request.

### F. Privilege Log

As of the date of the hearing, the parties' only remaining dispute regarding a privilege log was the extent to which ISI is required to log correspondence between it and its attorneys prior to the date this action was filed. ISI contends that it should not have to log any correspondence prepared in anticipation of the litigation; defendants suggest that ISI may be improperly omitting correspondence that took place after disputes arose between the parties but that is not fairly characterized as "in anticipation of the litigation."

Ultimately, ISI's present counsel must make a good faith determination regarding what must be logged and what may be omitted. ISI's counsel is hereby instructed to conduct a new review of the privilege log and any withheld materials, under the following guidelines: 1) correspondence generated after this action was filed need not be logged; 2) correspondence generated prior to the filing of this action, but in *direct* connection with preparation for the litigation need not be logged; 3) correspondence generated after the parties' disputes arose but before litigation became inevitable, or otherwise unconnected with preparation for the litigation should be logged, and 4) all other materials withheld on grounds of privilege should be logged.

### G. Dhesikan

Defendants also argue that Dhesikan has failed to respond adequately to defendants' document request. The representations made by Dhesikan in the opposition and by counsel at the hearing that Dhesikan has produced all responsive non-privileged materials in his possession and control are sufficient and no further response will be required.

### H. Timing

In their motion, defendants requested that ISI be compelled to produce any further documents within five days of the Court's order. At the hearing, defendants acknowledge that it would serve no purpose to impose a deadline that is physically impossible to meet. Accordingly, ISI is ordered to do the following: Any and all further documents to be produced under this order or otherwise shall be produced as quickly as possible in the exercise of reasonable efforts to

5

expedite the production, but in any event no later than 20 days from the date of this order. An updated privilege log and declaration of complete document production referred to in Section B above shall also be transmitted to opposing counsel within that time period. In the event that deadline becomes impossible to meet with respect to any of the documents to be produced, ISI shall serve and file a concise but detailed declaration setting forth the reasons the deadline cannot be met, and when the documents can and will be produced. No response to any such declaration should be filed, pending further order of the Court.

I. Discovery Extension

The discovery cut off in this action was previously set by the presiding judge for July 28, 2006. Defendants' motion, filed prior to that date, requested an extension in light of the materials they contend remain to be produced. ISI and Dhesikan insist an extension is unnecessary because their production is complete. Given that the Court is requiring further production of documents, the discovery cut off will be extended by 45 days, for the limited purpose of conducting any follow-up discovery that may reasonably be necessary as a result of materials produced by ISI or Dhesikan after the discovery cut off or under this order.

CONCLUSION

Defendants' motion is granted to the extent specified above and is otherwise denied.

IT IS SO ORDERED.

Dated: August 8, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Michael N. Edelman   michaeledelman@paulhastings.com, christinahenderson@paulhastings.com; marcosvera@paulhastings.com; lauriepaffhausen@paulhastings.com

Marc A. Koonin   marc.koonin@sdma.com

Joseph Kouri   joseph.kouri@sdma.com

| | |
|---|---|
| **Dated: 8/8/06** | **Chambers of Judge Richard Seeborg** |
| | **By:**   /s/ BAK |