\* E-Filed 10/02/06 \*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISMART INTERNATIONAL LIMITED<br><br>Plaintiff,<br><br>vs.<br><br>I-DOCSECURE, LLC, a California limited liability company; E-NETSECURE SERVICES, INC., a California corporation; INTEGRITY DATA APPLICATION CONSULTING, LLC, a California limited liability company; ISMART SECURE LLC, a Delaware limited liability company; JOSEPH BAGGIO, an individual; JONATHAN BALZORA, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. C 04-03114 RMW (RS)<br><br>**ORDER RE DISCOVERY DISPUTE** |

On September 26, 2006, defendants herein requested a telephone conference with the Court to resolve a discovery dispute between the parties. At the direction of the Court, the parties filed letter briefs setting forth the nature of the dispute and their respective positions. Defendants contend, in essence, that it is improper for plaintiff to refuse to produce witnesses for deposition while plaintiff's motion to disqualify defendants' counsel remains pending before the presiding judge. Plaintiff contends, in essence, that requiring the depositions to proceed now would amount to a *de facto* denial of the motion to disqualify, and that doing so would exceed the jurisdiction of

1 the undersigned. Plaintiff further contends that many of the depositions in dispute were not noticed
2 or subpoenaed in a timely and proper manner.

3 To the extent that there is an issue as to whether any or all of the depositions were timely or
4 properly noticed, the parties' disputes are not amenable to resolution on the limited record of these
5 letter briefs or in a telephone conference. Accordingly, plaintiff's request for such relief is denied,
6 without prejudice to any motion made in conformance with the Civil Local Rules.

7 To the extent that there may be no dispute that at least some of the depositions at issue were
8 timely and properly noticed, the Court declines to order those depositions to go forward at this
9 juncture. In a prior order, the Court noted that the pendency of the motion to disqualify would not
10 serve as a basis to deny a motion to compel responses to discovery that had been propounded prior
11 to the time that defendants' present counsel became involved in this action. As the Court noted,
12 plaintiff's entitlement or lack of an entitlement to that discovery did not turn on the outcome of the
13 disqualification motion. The issue presented now is somewhat different. Although it is true that
14 defendants' right, or lack thereof, to take the depositions in dispute will not turn on the outcome of
15 the disqualification motion, the disqualification motion is premised on the contention that
16 defendants' counsel is barred by the duty of loyalty from representing them in this action. If
17 plaintiff's view of the facts and the law is correct, it would be inappropriate for its witnesses to be
18 subjected to depositions taken by defendants' *present* counsel, even if substitute counsel for
19 defendants might ultimately be permitted to take the same depositions.[1]

20 Finally, regardless of the outcome of the disqualification motion, in the event that
21 defendants can show that they have suffered actual prejudice from the delay, given the presently

---

[1] Under a stipulated order, plaintiff is barred from objecting to the participation of defendants' counsel "in any proceedings in this case." Although that language arguably is broad enough to include the depositions in dispute, plaintiff's argument is persuasive that the intent of the stipulation was only to permit then-pending law and motion matters to go forward, particularly given that the stipulation and order expressly contemplated that depositions would not go forward until the motion to disqualify had been decided. See Order filed July 6, 2006 at ¶¶ 5-6.

scheduled trial date, the remedy will be to seek scheduling relief from the presiding judge.

IT IS SO ORDERED.

Dated: October 2, 2006



RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

**Dated:**

        **By:**_____
            **Chambers**